IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–02166–CMA–KMT

NOE M. SANTA MARIA, #68945079,

    Plaintiff,

v.

MR. J. OLIVER, USP FLX WARDEN,
DR. ALLRED D. DO USP FLX MED. DPT.,
DR. B. CINK, PA-C USP FLX MED. DPT.,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on Defendants' Motion to Dismiss. (Doc. No. 16, filed Oct. 14, 2014.) For the following reasons, the court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

### FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Prisoner Complaint, filed August 5, 2014. (Doc. No. 1.) Plaintiff is an inmate with the United States Bureau of Prisons ("BOP") currently incarcerated at the United States Penitentiary ("USP") in Florence, Colorado.

At a prior BOP institution, Plaintiff was prescribed 600 or 800 milligrams of ibuprofen for lower back pain. (Compl. at 3.) Although Plaintiff asserts that he has had this lower back pain for about 10 years, he does not specify a particular diagnosis or cause of this pain. (*Id.*)

In May 2013, Plaintiff was transferred to USP. (*Id.* at 4.) Plaintiff maintains that the prior BOP institution shipped an unspecified amount of 600 milligram ibuprofen to USP for his use. (*Id.* at 3.) However, upon arriving at USP, Defendant Cink, a physician assistant at USP,[1] interviewed Plaintiff and allegedly "interfered" with Plaintiff's ibuprofen prescription. (*Id.* at 4.)

In July 2013, Defendant Allred, a doctor at USP, saw Plaintiff and, without taking any X-rays or conducting any other medical procedure, told Plaintiff "I think you need to get out of chronic care clinic and you will not be prescribed any medication as longer [sic] as I am in charge of this [medical department]." (*Id.*) Plaintiff subsequently sent a "cop out" to Defendant Oliver, the USP Warden, who did not respond. (*Id.*)

Over a year after Plaintiff's transfer to USP, on April 2, 2014, Defendant Cink visited Plaintiff's cell and told Plaintiff "there's nothing we can do for you." (*Id.*) In July 2014, Plaintiff spoke with Defendant Oliver and explained his "current situation." (*Id.*) In response, Defendant Oliver "drew his cell phone [and] asked [Plaintiff his] name." (*Id.*) Plaintiff believes that Defendant Oliver intended to "put all [Plaintiff's] dates on his phone." (*Id.*)

Sometime thereafter, Plaintiff discussed his medical issues with his case manager, Mr. Sanchez. (*Id.*) Mr. Sanchez then spoke with a woman in the USP medical department who informed Mr. Sanchez that Plaintiff had been placed "on list." (*Id.*) It appears that at the time Plaintiff filed his Complaint, he still had not received a prescription for ibuprofen or other treatment for his back pain. (*See id.*)

---

[1] Plaintiff describes Defendant Cink as "Dr. Cink." (*See, e.g.,* Compl. at 3.) However, Plaintiff also describes Defendant Cink as a "PA-C," which is the professional designation for a physician's assistant. (*Id.* at 2.) Other cases in this District confirm that Defendant Cink is a physician's assistant, rather than a doctor. *See, e.g., Dedrick v. Wilner,* No. 09-cv-02662-CMA-MJW, 2011 WL 782694, at *2 (D. Colo. Jan. 6, 2011).

## PROCEDURAL HISTORY

Based on the facts recited above, Plaintiff's Complaint asserts a single claim for relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[2] for violations of the Eighth Amendment's prohibition on cruel and unusual punishment. Defendants' Motion to Dismiss argues that Plaintiff's Complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff did not file a response to Defendants' Motion to Dismiss. Accordingly, this matter is ripe for the court's review and recommendation.

## LEGAL STANDARDS

### A.   Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated*

---

[2] Plaintiff seeks only injunctive relief. (*See* Compl. at 6.) *Bivens* suits are limited to damages; however, equitable relief is available in the nature of an injunction and/or mandamus under 28 U.S.C. §§ 1331 and/or 1361. *See Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1236 (10th Cir. 2005).

*Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

**B.     *Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Bellmon*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at

678-80.  Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. (citation omitted).

## ANALYSIS

Defendants argue that Plaintiff fails to sufficiently allege a violation of his Eighth Amendment rights.  The court agrees.

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A claim for deliberate indifference has both an objective component and a subjective component.  To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious."  *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subject component, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.*; *see also Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, "[t]he subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self*, 439 F.3d at 1231. That is, the official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837; *see also id.* ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The court finds that Plaintiff's generalized allegations of "lower back pain" fail to plausibly establish the objective prong of a deliberate indifference claim. Although Plaintiff may have been prescribed ibuprofen for his back pain at a previous BOP facility, Plaintiff does not allege any specific diagnosis or cause for this pain. Nor does Plaintiff set forth any allegations to suggest that a doctor or other medical professional concluded that Plaintiff's back pain *mandated* treatment. *Hunt v. Uphoff*, 199 F.3d at 1224. Similarly, Plaintiff's bare assertion that he has

been in "pain for more than a year," without more, fails to establish that he was experiencing an injury that even a lay person would easily recognize required treatment from a doctor. *Id.*

Moreover, even assuming Plaintiff's allegations were sufficient to establish a sufficiently serious injury, they fail to meet the subjective prong of a deliberate indifference claim. First, Plaintiff vaguely alleges that Defendant Cink "interfered" with his ibuprofen prescription. Even assuming that Plaintiff means Defendant Cink denied him ibuprofen, there are no allegations that Defendant Cink even knew of Plaintiff's back pain. Indeed, Plaintiff does not allege the he ever informed Defendant Cink of his back pain and Plaintiff admits that Defendant Cink did not ask him any "questions about [his] medical conditions." (Compl. at 4.) Similarly, Plaintiff's allegation that Defendant Cink came to his cell and informed him that "there's nothing we can do for you" fails to demonstrate that Defendant Cink knew that a substantial risk of harm might result if Plaintiff's back pain was not treated. Ultimately, while it may have been negligent for Defendant Cink not to ask any questions about Plaintiff's medical conditions, medical negligence is insufficient to establish a claim under the Eighth Amendment. *Giron*, 191 F.3d 1286.

Plaintiff also fails to plausibly allege that Defendant Allred knew of and disregarded his back pain. Instead, Plaintiff alleges that, despite not conducting any specific medical procedures, Defendant Allred stated that Plaintiff needed to "get out of chronic care" and that he would "not be prescribed any medication as long as I am in charge of this [medical department.]" (Compl. at 4.) In essence, Plaintiff's allegations amount to a disagreement with the medical care provided to him by Defendant Allred, which is insufficient to state an Eighth Amendment claim. *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) ("a mere difference of opinion between the prison

medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.").

Finally, Plaintiff alleges that he explained his "current situation" to Defendant Oliver. However, without some allegations about the conversation between Plaintiff and Defendant Oliver, the court cannot conclude that Defendant Oliver knew of a serious risk of harm to Plaintiff's health resulting from his back pain. Moreover, it is far from clear that Defendant Oliver actually disregarded Plaintiff's complaints about his "current situation." Plaintiff does not allege what, if any, action Defendant Oliver took after speaking with Plaintiff and putting his "dates on his phone." (Compl. at 4.)

Accordingly, the court finds that Plaintiff fails to state a claim against Defendants for violations of his Eighth Amendment rights. Therefore, the court finds that Defendants' Motion to Dismiss is properly granted.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that Defendants' Motion to Dismiss (Doc. No. 16) be GRANTED and that Plaintiff's Complaint be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of June, 2015.