**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02166-CMA-KMT

NOE M. SANTAMARIA,

    Plaintiff,

v.

MR. J. OLIVER, USP FLX Warden,
DR. ALLRED, D.DO, USP FLX Med. Dpt., and
DR. B. CINK, PA-C, USP FLX Med. Dpt,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING JUNE 17, 2015 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the June 17, 2015 Recommendation by United States Magistrate Judge Kathleen M. Tafoya that Defendants' Motion to Dismiss (Doc. # 16) be granted. (Doc. # 19.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On July 6, 2015, Plaintiff filed a timely objection to Judge Tafoya's recommendation. (Doc. # 20.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Magistrate Judge Tafoya recommended that Defendants' Motion to Dismiss be granted because Plaintiff failed to sufficiently allege deliberate indifference to a serious medical need in violation of the Eighth Amendment. A deliberate indifference claim has both an objective component – whether the deprivation of medical care is sufficiently serious – and a subjective component – whether the official acted with a sufficiently culpable state of mind. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999). A medical need is "sufficiently serious" under the objective component if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citation omitted). To prevail on the subjective component, a prisoner must demonstrate that a prison official acted "recklessly," such that he or she "consciously disregard[ed] a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.*

In particular, Magistrate Judge Tafoya concluded that Plaintiff's generalized allegations of "lower back pain" (which he allegedly experienced "for more than a year") were insufficient to plausibly establish the objective component, that is, to establish that Plaintiff's medical need was "one that has been diagnosed by a physician as **mandating treatment** or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted, emphasis added). (Doc. # 19 at 6.) Magistrate Judge Tafoya noted that Plaintiff failed to allege (1) any specific diagnosis or cause for this pain or (2) any allegations to suggest that a medical professional concluded that Plaintiff's back pain mandated treatment or that he was experiencing an injury or that even a lay person would easily recognize required treatment from a doctor.

Plaintiff's Objection argues that "now that an x-ray and MRI LSpine has been conducted . . . I can explain exactly the source of my lower back pain, and I can say how bad and painful it is without medications." (Doc. # 20 at 1.) However, he does not elaborate about this diagnosis, nor does he provide additional details about "how bad and painful it is without medication." The Court has examined the medical records Plaintiff attached to his Objection, including an X-Ray performed in August of 2014 and an MRI performed in December of 2014. These records indicate that Plaintiff's back was injured in some capacity, but do not provide factual information sufficient to suggest that any medical professional concluded that his lower back injury **mandated** treatment; indeed, no treatment protocol is mentioned in any of these records. As such, Magistrate Judge Tafoya correctly determined that Plaintiff's Complaint failed to show that Plaintiff's condition was sufficiently serious and thus to meet the objective component.

In any event, Magistrate Judge Tafoya also concluded that Plaintiff could not meet the subjective component of the deliberate indifference test, which "is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously

disregard a substantial risk of serious harm." *Self*, 439 F.3d at 1231.  That is, a prison official must "know[] of and disregard[] an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); s*ee also id.* ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Plaintiff contends that he can meet this prong on account of the fact that he sent "several sick calls" to the prison's medical department, and that "few" of these were answered.  (Doc. # 20 at 2.)  Specifically, Plaintiff points to the fact that Physician's Assistant (PA) Cink denied him an ibuprofen prescription on one occasion because Plaintiff was not buying over-the-counter ibuprofen from the canteen, "which was a lie." (*Id.*)  He also states that he was seen a "few times" by PA Cink "but always I was told that Dr. Allred never will prescribe stronger meds to me." (*Id.*)  He submits copies of his "Inmate Request" notes; these notes repeatedly state that he is experiencing "lower back pain," but do not discuss the severity of this pain, other than generally stating that it was "bad," "cruel and unusual punishment" and "unnecessary and wanton."  (Doc. # 20-3.)  Even when taking Plaintiff's version of the facts in the light most favorable to him, although such facts demonstrate that he notified prison officials of his lower back pain generally, they are still insufficient to establish that Defendants **knew** that there was a "**substantial risk** of **serious** harm" from this pain and that they "consciously disregarded" that risk.  Rather, as Magistrate Judge Tafoya correctly concluded, Plaintiff's allegations amount to a disagreement about the best course of treatment for

4

his back pain, a claim which is not actionable under the Eighth Amendment.  *See Perkins*, 165 F.3d at 811.

The Court has reviewed all the relevant pleadings concerning Defendants' Motion to Dismiss, the Recommendation, and Plaintiff's Objection thereto.  Based on this review, the Court concludes that Magistrate Judge Tafoya's thorough and comprehensive analyses and recommendations are correct.  Therefore, the Court ADOPTS the Recommendation of Magistrate Judge Tafoya as the findings and conclusions of this Court.

Accordingly, it is hereby ORDERED that Plaintiff's Objection (Doc. # 20) is OVERRULED.  It is

FURTHER ORDERED that the Recommendation of the United States Magistrate Judge Tafoya (Doc. # 19) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation, it is

FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 40) is GRANTED, and that this case is DISMISSED WITH PREJUDICE.

DATED:  July 8, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge